IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RENORIDA BARTHELEMY**                                        **PLAINTIFF**

**VS.**                                        **CAUSE NO. 3:18-cv-563-LWR-FKB**

**NATIONAL RAILROAD PASSENGER
CORPORATION D/B/A "AMTRAK",
BRETT L. KERN, CURT CLEMENT,
CN RAIL COMPANY A/K/A ILLINOIS
CENTRAL RAILROAD COMPANY,
OMS TRUCKING COMPANY, DANILO
SABILLON, OMAR MODESTO
SABILLON SANCHEZ (d), A/K/A
OMAR SAVISIOS A/K/A OMAR
SAVILLION A/K/A OMAR SAVISIOS
and OMAR SABILLON D/B/A OMS
TRUCKING CO.**                                        **DEFENDANTS**

**ANSWER AND DEFENSES OF DEFENDANT
ILLINOIS CENTRAL RAILROAD COMPANY**

Defendant Illinois Central Railroad Company, improperly named in the Complaint as "CN Rail Company a/k/a Illinois Central Railroad Company" (referred to herein as "Illinois Central"), through counsel, files this Answer and Defenses to Plaintiff's Complaint, as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause or claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff has failed to serve Illinois Central with process.

**ANSWER**

1.1     This Defendant does not have sufficient knowledge or information with which to

1

admit or deny the allegations of this paragraph.

    1.2    Admitted.

    1.3    Admitted.

    1.4    Admitted.

    1.5    Denied.

    1.6    The allegations of this paragraph are not directed to this Defendant and therefore require no response from them. If later construed to affect adversely this Defendant, those allegations are denied.

    1.7    The allegations of this paragraph are not directed to this Defendant and therefore require no response from them. If later construed to affect adversely this Defendant, those allegations are denied.

    1.8    The allegations of this paragraph are not directed to this Defendant and therefore require no response from them. If later construed to affect adversely this Defendant, those allegations are denied.

    2.1    The allegations of this paragraph are denied inasmuch as this case has been removed to the United States District Court for the Southern District of Mississippi, Northern Division.

    2.2    The allegations of this paragraph are denied inasmuch as this case has been removed to the United States District Court for the Southern District of Mississippi, Northern Division.

    3.1    Denied.

3.2     This Defendant admits that on or about October 5, 2016, at approximately 9:31 a.m., Plaintiff was an occupant on board Amtrak Train No. 59, which was involved in a collision with a truck operated by OMS Trucking Company, Danilo Sabillon, and/or Omar Modesto Sabillon Sanchez ("the Sabillon Defendants") at a public road crossing located at Linden Road, Holmes County, Mississippi, designated as DOT No. 3300748M.  All other allegations of this paragraph are denied.

3.3     This Defendant admits that the collision caused damage to the subject truck, which was negligently operated by the Sabillon Defendants.  The remaining allegations of this paragraph are denied.

3.4     Denied.

3.5     Denied.

3.6     Denied.

3.7     The allegations of this paragraph are denied as to the extent they are directed to this Defendant.  To the extent that the allegations of this paragraph allege that the Sabillon Defendants negligently caused the subject accident, they are admitted.  This Defendant denies that the subject collision caused Plaintiff's alleged damages, if any.

3.8     To the extent the allegations of this paragraph are directed to this Defendant, they are denied.  Otherwise, the allegations of this paragraph are not directed to this Defendant and require no response from them.  If later construed to affect adversely this Defendant, those allegations are denied.

4.1     To the extent the allegations of this paragraph are directed to this Defendant, they

are denied. Otherwise, the allegations of this paragraph are not directed to this Defendant and require no response from them. If later construed to affect adversely this Defendant, those allegations are denied.

4.2     This Defendant denies the allegations of 4.2 including subparagraphs (a) through (r).

4.3     This Defendant admits that at all pertinent times Defendant Kern was acting within the course and scope of his employment with Amtrak but denies that he was in any way negligent or at fault in the collision.

4.4     This Defendant admits that at all pertinent times that Defendant Clement was acting within the course and scope of his employment with Amtrak but denies that he was in any way negligent or at fault in the collision.

4.5     This Defendant admits that Amtrak Train No. 59 was owned and operated by Amtrak and that Defendants Kern and Clement were employees of Amtrak acting within the course and scope of their employment. The remaining allegations of this paragraph are denied.

4.6     This Defendant denies the allegations of paragraph 4.6 as being an incomplete and incorrect statement of the law and as misstating the name of Illinois Central Railroad Company.

4.7     The allegations of this paragraph are not directed to this Defendant and, therefore, do not require a response from them. If later construed to affect adversely this Defendant, the allegations of this paragraph are denied. Further, this Defendant would show that the sole cause of the subject collision was the negligence of the Sabillon Defendants.

4.8     The allegations of this paragraph are not directed to this Defendant and, therefore,

4

do not require a response from them.  If later construed to affect adversely this Defendant, the allegations of this paragraph are denied.  Further, this Defendant would show that the sole cause of the subject collision was the negligence of the Sabillon Defendants.

4.9    This Defendant denies the allegations of this paragraph to the extent they are directed at this Defendant.  Further, this Defendant would show that the sole cause of the subject accident was the negligence of the Sabillon Defendants.  Otherwise, denied.

4.10    This Defendant denies the allegations of this paragraph to the extent they are directed at this Defendant.  Further, this Defendant would show that the sole cause of the subject accident was the negligence of the Sabillon Defendants.  Otherwise, denied.

4.11    This Defendant denies the allegations of this paragraph to the extent they are directed at this Defendant.  Further, this Defendant would show that the sole cause of the subject accident was the negligence of the Sabillon Defendants.  Otherwise, denied.

5.1    This Defendant denies the allegations of this paragraph including the allegations of subparagraphs (a) through (m).

5.2    Denied.

6.1    Denied.

7.1    This paragraph did not allege any facts, claims, or other allegations requiring a response from this Defendant.  If later construed adversely to this Defendant, the allegations of this paragraph are denied.

8.1    Defendants request a trial by jury.

This Defendant denies the allegations in the unnumbered paragraph beginning

"WHEREFORE," and denies that it is liable to Plaintiff in any sum whatsoever. This Defendant therefore requests that final judgment be entered in its favor and all claims against it be dismissed with prejudice with all costs and expenses assessed to the Plaintiff.

### THIRD DEFENSE

Defendant denies each and every allegation of the Complaint by which Plaintiff seeks to impose liability on them and deny that they were guilty of any actionable conduct whatsoever.

### FOURTH DEFENSE

The subject accident and Plaintiff's alleged damages, if any, were not caused or contributed to by any negligent act or omission of this Defendant but were caused or contributed to by the negligent acts and omissions of Plaintiff, the Sabillon Defendants, and/or others for which this Defendant may not be held liable.

### FIFTH DEFENSE

At all times prior to and at the time of the accident in question, the Sabillon Defendants were guilty of negligence by:

a. failing to heed the warning devices protecting the subject crossing;

b. failing to heed the warnings being emitted by the locomotive of the train, including the operation and sounding of the horn, bell, and headlights;

c. failing to keep a reasonable and proper lookout for approaching trains;

d. failing to maintain a good and proper control over their vehicle;

e. failing to stop their vehicle within fifteen (15) and fifty (50) feet of the nearest rail of the crossing as required by MISS. CODE ANN. § 77-9-249;

  f. failing to yield the right-of-way; and

  g. failing to exercise reasonable care under the circumstances.

Such acts of negligence constitute the sole proximate cause of the accident in question and all resulting damages, if any, or in the alternative, were a proximate contributing cause of the same.

### SIXTH DEFENSE

Plaintiff's claims are preempted by federal law, including the Federal Rail Safety Act of 1970, 49 U.S.C. § 20101, *et seq.*, and the Highway Safety Act of 1973, 23 U.S.C. § 130, *et seq.*, as amended, and regulations issued by the Secretary of Transportation pursuant thereto.

### SEVENTH DEFENSE

Plaintiff's claims, to the extent they seek recovery based upon the alleged failure to erect or install additional warning devices or based upon the adequacy of warning devices, are preempted and/or barred by state law pursuant to MISS. CODE ANN. § 65-1-175.

### EIGHTH DEFENSE

Plaintiff's claims are barred and/or preempted by state law pursuant to MISS. CODE ANN. § 77-9-254.

### NINTH DEFENSE

The subject accident was caused or, alternatively, contributed to by intervening and superseding acts of negligence of others.

### TENTH DEFENSE

Alternatively, Defendant seeks apportionment of fault pursuant to and asserts all defenses allowed by MISS. CODE ANN. § 85-5-7 and MISS. CODE ANN. § 11-7-15.

**ELEVENTH DEFENSE**

Alternatively, Defendant asserts all statutory damages caps including those provided under MISS. CODE ANN. § 11-1-60 and § 11-1-65.

**TWELFTH DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

**THIRTEENTH DEFENSE**

Plaintiff's alleged injuries and/or damages, if any, were caused in whole or in part by preexisting and/or other unrelated medical conditions for which this Defendant is not liable.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Illinois Central Railroad Company respectfully requests this Court to dismiss Plaintiff's Complaint and all Plaintiff's claims with prejudice and to enter final judgment in its favor. Defendant further requests the Court to assess all costs and expenses against Plaintiff.

**JURY TRIAL DEMANDED**

This the 20th day of August, 2018.

Respectfully submitted,

ILLINOIS CENTRAL RAILROAD COMPANY

By: *s/George H. Ritter*
GEORGE H. RITTER, ESQ., MSB # 5372
JEREMY L. BIRDSALL, ESQ., MSB #100284.
ATTORNEYS FOR DEFENDANT

OF COUNSEL:

GEORGE H. RITTER, ESQ.
JEREMY L. BIRDSALL, ESQ.
WISE, CARTER, CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205
T: (601) 968-5500
F: (601) 944-7738
ghr@wisecarter.com
jlb@wisecarter.com

## CERTIFICATE OF SERVICE

    I, George H. Ritter, attorney for Defendant Illinois Central Railroad Company, do hereby certify that I have filed electronically the foregoing using the Court's CM/ecf system which sent a copy of such filing to all counsel registered with the Court's CM/ecf system.

    George W. Healy, IV
    George W. Healy, IV & Associates
    1323 28th Avenue
    Suite A
    Gulfport, MS   39501
    gwhealyiv@aol.com

This the 20th day of August, 2018.

                                                      *s/* George H. Ritter
                                                      GEORGE H. RITTER